UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:10-CR-00350-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DEVONTE BALLARD | ) | |
| | ) | |

This matter is before the court on defendant's letter dated 17 June 2016. (DE # 146.) In the letter, defendant complains about participation in the Inmate Financial Responsibility Program ("IFRP") and payment of the restitution and fine he owes. He requests that the court accept a quarterly payment of $10 to be paid by BP-199 form or by a member of his family to the Clerk. Alternatively, he requests that the court defer payment of restitution ($465) until he is released.

By way of brief background, by judgment imposed 31 May 2011, defendant was sentenced to a total term of 155 months imprisonment for carjacking (and aiding and abetting the same) and using a firearm in furtherance of a crime of violence (and aiding and abetting the same). Defendant was also ordered to pay a $200 assessment, a $10,000 fine, and $465 in restitution, joint and several with a co-defendant. The court ordered the payment of these monetary amounts in full immediately. However, if defendant could not pay in full immediately, the court authorized payment of the amount owed through the IFRP. Finally, the court set a payment schedule to begin within 60 days of defendant's release from prison, should any balance still be owed. As of 17 October 2016, the remaining balances defendant owes are: $69.68 restitution and $10,000 fine.

Absent applicable statute or rule, this court cannot modify defendant's judgment to order payment of particular amounts while incarcerated. See United States v. Conner, No.4:04-CR-27-2FL, 2014 WL 2624921, at *2 (E.D.N.C. June 12, 2014). Defendant cites to 18 U.S.C. § 3664(f)(2) and Ward v. Chavez, 678 F.3d 1042 (9th Cir. 2012), in support of his request. However, they have no application here. Section 3664(f)(2) provides that the court shall specify the manner in which, and the schedule according to which, restitution is to be paid considering certain factors. That is exactly what the court did at defendant's sentencing and specifically in ordering him to pay restitution in full immediately or otherwise authorizing payment through the IFRP. In doing so, the court complied with § 3664(f)(2), see United States v. Dawkins, 202 F.3d 711, 716 (4th Cir. 2000) (holding that district court complied with its obligation under § 3664(f)(2) by instructing if the defendant was unable to pay the special assessment and restitution in full immediately, he could pay the special assessment through the IFRP and make specified restitution payments beginning after his release), and therefore will not alter the restitution or fine payment schedule on this ground.

In Ward, the Ninth Circuit Court of Appeals held that if, after considering a defendant's financial resources, the defendant is unable to pay restitution immediately, the court must set a payment schedule during incarceration. 678 F.3d at 1049-50. That court also noted, however, that the Fourth Circuit Court of Appeals has held that a criminal judgment is not required to set forth a schedule of restitution payments during incarceration. 678 F.3d at 1047 n.2. This court is bound by the decisions of the Fourth Circuit of Appeals and thus is not obligated to apply Ward.

To the extent defendant requests that the court modify or defer payments defendant has

2

agreed to make through the IFRP or to the extent defendant otherwise challenges his participation in the IFRP, defendant must first exhaust his administrative remedies and then seek review pursuant to 28 U.S.C. § 2241.   See Fontanez v. O'Brien, 807 F.3d 84, 87 (4th Cir. 2015) (holding that an inmate's challenge to the administration of the IFRP is cognizable under § 2241); United States v. Mathis, No. 5:12-CR-319-FL, 2015 WL 3948270, at *2-3 (E.D.N.C. June 29, 2015) (holding that defendant's motion to modify payments made through IFRP must be brought under § 2241 after exhaustion of administrative remedies).   Because it is not apparent that defendant has exhausted his administrative remedies, the court declines to consider his letter as a motion under § 2241.

Finally, the court notes that defendant (or someone on his behalf) is free to submit any payments directly to the Clerk.   However, the court will not impose a schedule for such payments.

For the foregoing reasons, defendant's 17 June 2016 letter, to the extent it could be deemed a motion, is DENIED.

This 19 October 2016.

_____
W. Earl Britt
Senior U.S. District Judge